# *Ex Parte* Lacy *v.* The State.

### Embezzlement.

(Decided November 25, 1915. 70 South. 272.)

1. **Embezzlement; Instruction.**—A charge asserting that defendant must be tried on the evidence, and the evidence alone, and that unless the evidence alone satisfies the jury beyond all reasonable doubt that defendant knowingly converted certain money, he could not be convicted, was properly refused where the indictment charged a larceny as well as an embezzlement, as it would have restricted the conviction to a basis of a conversion of the funds.

[Ex Parte Lacy v. The State.]

**2. Charge of Court; Covered by Those Given.**—It is not error for the court to refuse instructions which are substantially covered by written instructions given.

CERTIORARI to Court of Appeals.

Theo Lacy was convicted of embezzlement, and on appeal to the Court of Appeals the judgment of the lower court was affirmed, and he brings certiorari to review the judgment and decision of that court. Writ denied.

See *Lacy v. State*, 13 Ala. App. 267, 69 South. 244.

RUSHTON, WILLIAMS & CRENSHAW, and HILL, HILL WHITING & STERN, for appellant. W. L. MARTIN, Attorney General, and W. H. MITCHELL, Assistant Attorney General, for the State.

McCLELLAN, J.—While the writ of certiorari sought must be denied because of the absence of vitiating error underlying the judgment rendered by the Court of Appeals, yet it is necessary, we think, the explanation and qualification to be made should accompany the order denying the writ.

(1, 2) The refusal of charge 22, requested by the defendant, was justified on the ground that it, in effect, restricted the basis for a conviction to the conversion of the funds; whereas, the indictment also charged the larceny thereof. Furthermore, the substance of charge 22, in the particular that it correctly confined the jury's satisfaction, to the requisite degree of the defendant's guilt, to the means afforded by the evidence, and the evidence alone, was expressed in charge numbered 28, given at the defendant's request.

The writ is denied.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.